IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-04025-01-CR-C-BCW |
| | ) | |
| | ) | |
| JON PATRICK WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Jon Patrick Washington's motion to dismiss the Indictment[1] (Doc. 34). Defendant alleges he was a bystander and merely agreed to help M.M., the victim, to inject heroin which Defendant alleges M.M. had previously obtained from elsewhere.[2] Defendant alleges that as a bystander he does not become a distributor within the meaning of 21 U.S.C. § 802. The United States of America, by and through Tammy Dickinson, the United States Attorney for the Western District of Missouri, has filed suggestions in opposition to the motion (Doc. 37), to which the Defendant filed reply suggestions[3] (Doc. 48).

## BACKGROUND

Defendant Jon Patrick Washington has been charged in an Indictment alleging that he distributed a controlled substance, specifically heroin, to a minor, in violation of § 841(a)(1) and (b)(1)(c) and § 859(a). The Indictment reads:

> On or about April 2, 2014, in Boone County, in the Western District of Missouri, the defendant, JON PATRICK WASHINGTON, a person at least eighteen years of age, knowingly and intentionally distributed a mixture or substance containing a detectable

---

[1] Since Defendant's motion was filed, the Government filed a Superseding Indictment (Doc. 39) on July 15, 2015, which added Count 2 – Maintaining Drug-Involved Premises – 21 U.S.C. § 856(a)(1). This motion to dismiss is in regards to Count 1 of the Superseding Indictment – Distribution of Heroin to a Minor – 21 U.S.C. §§ 859(a) and 841(a)(1). Further reference to the "Indictment" will be discussing Count I of the Superseding Indictment.

[2] M.M., who died as a result of the heroin overdose, was a 16 year old runaway female juvenile from Columbia, Missouri.

[3] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, Title 28 United States Code, Section 636, and Local Rule 72.1.

amount of heroin, a Schedule I controlled substance, to a juvenile, a person under twenty-one years of age; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); all in violation of Title 21, United States Code, Section 859(a). (Doc. 39).

According to Defendant, he was renting a room at the Providence Inn and Suites in Columbia, Missouri during the time period relevant to this matter. He explained that he had allowed the victim, M.M., to stay in the room for some time, and she was there the night of her death. Defendant stated that he had gone to the room the night of the victim's death to get some personal effects, and that while he was there he witnessed the victim and another person using heroin. Defendant stated that after being asked several times by both the victim and the other individual present, he assisted the victim in injecting heroin into her arm. According to Defendant, his assistance included aiding the victim in aligning the drug with a vein, and then depressing the plunger of the syringe in order to send the heroin from the syringe into the victim's veins (Doc. 34).

## STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Criminal Procedure allows a court to consider, at the pretrial stage, any motion "which is capable of determination without trial of the general issue." The Eighth Circuit has set forth a standard to be used when determining the validity of an indictment and when an indictment should properly be dismissed, stating that, "an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed." United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). An indictment should be dismissed if the acts alleged within do not constitute a criminal offense. United States v. Lafferty, 608 F. Supp. 2d 1131, 1137 (D. S. Dak. 2009). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002) (internal citations omitted).

## ANALYSIS

The government, in its suggestions in opposition (Doc. 37), argues that a dismissal of the Indictment would not be proper because the elements for a claim under 21 U.S.C. § 841(a)(1) have been satisfied. Defendant argues that the Indictment should be dismissed because his conduct does not conform to "distribution" of a controlled substance within the meaning of the

2

statute (Doc. 34).  Specifically, Defendant argues that he was never in possession of the heroin, and therefore could not transfer the drug to another.  Additionally, Defendant argues that he did not undertake any act to extend the distribution chain to a further buyer or user down the chain.  To support his claim, Defendant relies on United States v. Swiderski, which held that, "'where two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse-simple joint possession, without any intent to distribute the drug further.'"  United States v. Wallace, 532 F.3d 126, 130 (2nd Cir. 2008) (quoting United States v. Swiderski, 548 F.2d 445, 450 (2nd Cir. 1977)).

Further, Defendant filed Supplemental Authority in Support of his Motion to Dismiss (Doc. 54), in which he attempts to analogize the history of the word "transfer" in the firearms context to the drug context, among other arguments.

In pertinent part, 21 U.S.C. § 841(a)(1) reads, "it shall be unlawful for any person knowingly or intentionally to . . . distribute . . . or possess with the intent to . . . distribute . . . a controlled substance."  21 U.S.C. § 841(a)(1) (2010).  The Eighth Circuit Model Criminal Jury Instruction provides that the crime of distributing a controlled substance has two elements: (1) that the defendant intentionally transferred a controlled substance and (2) that at the time of the transfer, the defendant knew that it was a controlled substance. See Eighth Circuit Model Criminal Instruction Number 6.21.841B (2014).  In the instant case, the issue is whether the Defendant intentionally "transferred" a controlled substance when he injected the victim.  Here, the Court holds that the Defendant did transfer a controlled substance within the meaning of the statute and as a result, Defendant's motion to dismiss the Indictment should be denied.

It is settled law that distribution, within the meaning of § 841(a), can take place without a sale.  United States v. Fregoso, 60 F.3d 1314, 1325 (8th Cir. 1995).[4]  Additionally, in United States v. Luster, the Court stated that, "Courts have interpreted the term 'distribute' under subsection 841(a) quite broadly to include not only 'the transfer of physical possession,' but also 'other acts perpetrated in furtherance of a transfer or sale. . .'" 896 F.2d 1122, 1127 (8th Cir. 1989)(internal citations omitted).

---

[4] See also United States v. Wallace, 532 F.3d 126, 129 (2nd Cir. 2008); United States v. Cormier, 468 F.3d 63, 70 n.3 (1st Cir. 2006); United States v. Vincent, 20 F.3d 229, 233 (6th Cir. 1994); United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979).

3

21 U.S.C. § 802 defines "distribute" to mean, "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11) (2014). The administering or dispensing language refers only to a practitioner and a patient, user or research subject pursuant to a lawful order of a practitioner, and thus is not implicated in the present case. 21 U.S.C. §§ 802(2) and (10) (2014). Further, "deliver" is defined by the same statute as, "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8) (2014).

The Court finds Defendant's chief argument, that the victim never relinquished possession of the heroin, or at the very least remained a joint possessor, and therefore Defendant could not distribute a controlled substance within the statute, to be without merit. Similarly, Defendant's reliance on Swiderski, is misplaced. Swiderski held that when two persons simultaneously and jointly acquire possession of a drug for their own personal use only, they cannot be found to have distributed a controlled substance. Swiderski v. United States, 548 F.2d 445, 450-51 (2nd Cir. 1977). The Court in Swiderski specifically stated, "[o]ur holding here is limited to the passing of a drug between joint possessors who simultaneously acquired possession at the outset for their own use." Id. Here, there is no evidence that Defendant and the victim acquired the heroin syringe jointly, at the outset, for their own personal use. Additionally, the Court does not find persuasive Defendant's arguments made in his supplemental filing, including the attempt to analogize the term "transfer" within the firearms context to the drug context.

The Court finds a very factually similar unreported case persuasive to the present issue. In United States v. Fields, the Court held that dismissal of an indictment was not warranted when the defendant was charged under § 841(a)(1) for the distribution of heroin. 2011 WL 3510876, at *3 (S.D. Ill. Aug. 10, 2011). In Fields, the defendant argued that she did not distribute heroin when she injected the controlled substance into another but the Court disagreed, stating, "[i]njecting the drug is the transfer of the drug which constitutes distribution of the drug." Id. Here, the Court finds this reasoning to be sound.

In the present case, according to Defendant, he "aided her in aligning the drug with a vein, and then depressed the plunger of the syringe." (Doc. 34). The Court is of the opinion that this act of helping to align the syringe with a vein, and depressing the plunger to relocate the heroin from the syringe to another, is a transfer of a controlled substance within the meaning of

4

the definition of "deliver." Similar to the finding in Fields, here, the act of assisting in alignment of the syringe to a vein and depressing the plunger to carry the drug to the victim is the transfer of the drug. Thus, Defendant's conduct resulted in a delivery of a controlled substance within the statutory definition of "distribute" under § 802.

This analysis leads to the conclusion that Defendant's conduct constitutes distribution of a controlled substance under 21 U.S.C. § 841(a)(1), and therefore Defendant's motion to dismiss the Indictment must be denied.

## CONCLUSION

Defendant's claim that his conduct does not fall within the meaning of the word "distribute" and he therefore cannot be charged under § 841(a)(1) is without merit, and thus his motion to dismiss the Indictment must fail.

IT IS THEREFORE RECOMMENDED that Defendant's motion to dismiss the Indictment be DENIED.

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 2nd day of December, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge